**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
AISHA CARLISLE,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              )          Civ. No.  15-0918 (EGS)
                                    )
STELLAR RECOVERY, INC., _et al._,   )
                                    )
            Defendants.             )
_____     )


**<u>MEMORANDUM OPINION</u>**


    This matter is before the Court on Defendant's Motion for Summary Judgment, ECF No. 17.[1]  For the reasons discussed below, the Court will grant the motion.

## I.  BACKGROUND

    "On October 10, 2013, Stellar Recovery was referred a delinquent accounted owned by the Plaintiff Aisha Carlisle to Comcast for services and/or equipment provided."  Def.'s Brief in Support of its Mot. for Summ. J., ECF No. 17-1 ("Def.'s Brief"), Aff. in Support of Mot. for Summ. J., ECF No. 17-2 ("Martin Aff.") ¶ 5.  "On October 28, 2013, Stellar furnished information regarding [Plaintiff's] Comcast debt to credit reporting agencies."  Martin Aff. ¶ 6.  Thus, Stellar was listed as the collection agency associated with an unpaid balance of $110 owed

---

[1]  Defendants Garrett Schanck, John Schanck and Liza Akley have been dismissed as parties to this action, ECF No. 13, and Stellar Recovery, Inc. is the sole remaining defendant.

by Plaintiff to Comcast.  *See* Opp'n to Mot. for Summ. J., ECF No. 19 ("Pl.'s Opp'n"), Exhs. G-I.

Plaintiff sent Stellar two certified letters, one dated November 20, 2014 and the other dated December 17, 2014, demanding that Steller validate the debt.  Compl. ¶¶ 5-6; *id*., Exhs. B-C; *see* Martin Aff. ¶ 8.  When she "received no written correspondence from Steller," Plaintiff submitted to the Federal Trade Commission an Affidavit of Identity Theft and "contacted three credit bureaus in order to set up a fraud and identity theft alert[.]"  *Id*. ¶ 6.   In addition, Plaintiff contacted the Better Business Bureau ("BBB") in January 2015 and filed a complaint against Stellar alleging violations of the Fair Debt Collection Practices Act.  *Id*. ¶ 7.  "On January 2, 2015, [she] received a response from Stellar . . . through the BBB online response portal without getting the validation of debt verification."  *Id*.  Through the BBB representative, "Stellar . . . told [Plaintiff] that the case/file/claim was closed upon receipt of the Identity Theft Affidavit."  *Id*.

Meanwhile, Steller received from Plaintiff on December 1, 2014 "a written dispute . . . requesting validation of the debt and cessation of further collection activity."  Martin Aff. ¶ 8.  It responded on December 5, 2014 by "order[ing] deletion of the trade line from her credit report with all reporting agencies."  *Id*. ¶ 9.  And upon receipt on December 22, 2014 of "an affidavit and letter from [Plaintiff] indicating that fraud or identity theft was involved in the opening of the account [it] closed the account and returned it to Comcast."  *Id*. ¶ 11.  According to its declarant, "Stellar never communicated directly with [Plaintiff] either before or after December 1, 2014."  *Id*. ¶ 10.  Nor had Stellar "receive[d] any communication from a credit reporting agency indicating that [Plaintiff] disputed the entry that Stellar placed on her credit report."  *Id*. ¶ 7.

## II. DISCUSSION

### A.  Plaintiff's Legal Claims

Plaintiff alleges that Steller violated the Fair Debt Collection Practices Act ("FDCPA"), *see* 15 U.S.C. § 1692 *et seq*., which "covers debt collectors who 'regularly collect or attempt to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another.'"  *Robinson v. TSYS Total Debt Mgmt., Inc.*, 447 F. Supp. 2d 502, 507 (D. Md. 2006) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (quoting 15 U.S.C. § 1692a(6))).  For purposes of this discussion, the Court presumes that Stellar is a debt collector as that term is defined in 5 U.S.C. § 1692a(6).

In Claims I and II, Plaintiff claims that Stellar listed itself "fraudulently on [her] credit report," Compl. ¶ 15, and failed to validate the debt in violation of 15 U.S.C. § 1692g. *Id*. ¶ 17.  Next, Plaintiff claims that she is entitled to damages under 15 U.S.C. § 1692k. *Id*. ¶ 19 (Claim III).  Lastly, she claims that Stellar violated 15 U.S.C. § 1692*i* by failing to provide its license number and the name(s) of registered agents authorized to collect debts in the District of Columbia, such that she is entitled to recover damages. *Id*. ¶ 21 (Claim IV).  Plaintiff also purports to bring a civil rights claim against Stellar under 42 U.S.C. § 1983.  *See id*. ¶¶ 15, 17, 19 and 21.

### B. Summary Judgment Standard

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a genuine issue of material fact exists, the Court views the facts in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  Stellar, as the moving party in this case, bears the

"initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits . . . which it believes demonstrate the absence of a genuine issue of

material fact."  *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).  A material fact is

one "that might affect the outcome of the suit under the governing law," and further, a court will

consider a dispute as genuine if "the evidence is such that a reasonable jury could return a verdict

for the non-moving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Plaintiff

as the nonmoving party must "produce affirmative evidence supporting the challenged aspects of

[her] claims by affidavit or other competent evidence."  *Mulhern v. Gates*, 525 F. Supp. 2d 174,

186 (D.D.C. 2007).  She cannot create a genuine dispute by relying on conclusory assertions

without any factual basis in the record.  *See Ass'n of Flight Attendants–CWA v. U.S. Dep't of

Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).

## C.  Claims I and II

Two of Plaintiff's claims arise under Section 809 of the FDCPA, *see* Compl. ¶¶ 15, 17,

which is codified at 15 U.S.C. § 1692g.  This provision triggers an obligation on the part of a

debt collector who makes an "initial communication with a consumer in connection with the

collection of any debt" to send a written notice of the amount of the debt, the creditor to whom

the debt is owed, notice of the consumer's opportunity to demand verification of the debt, and a

statement that, upon receipt of the consumer's written request, it would provide the consumer

with the name and address of the original creditor if different from the current creditor.  15

U.S.C. § 1692g(a).  "If the consumer [timely] notifies the debt collector in writing . . . that the

debt . . . is disputed, or that the consumer requests the name and address of the original creditor,

the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." *Id*. § 1692g(b).

Stellar argues that it did not violate § 1692g(a) because it did not initiate communication with Plaintiff. Def.'s Brief at 4. Its affiant avers that "Stellar never communicated with Plaintiff regarding her debt at any time . . . . Rather, Plaintiff . . . first contacted Stellar, and complains that Stellar did not respond to her." *Id*.; *see* Martin Aff. ¶ 10. Plaintiff disputes these assertions, and points to the information she received from Stellar through the BBB representative in response to her complaint, *see* Pl.'s Opp'n ¶ 7, as proof that she "did communicate with someone representing . . . Stellar . . . in January 2015, *id*. at 6 ¶ E.

The relevant "initial communication" is a debt collector's "initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a); *see Robinson*, 447 F. Supp. 2d at 509 (finding that debt collector's act of "'communicat[ing] the debt to Plaintiff's credit report'[] cannot support a claim under the FDCPA because it is not a communication with a consumer"). Here, the parties do not dispute that Plaintiff, not Stellar, initiated communication with respect to the Comcast debt. *See* Compl. ¶¶ 5-6; Martin Decl. ¶ 10. It cannot be said that Steller initiated communication with Plaintiff by responding to the BBB's inquiry.

Even if the Court were to construe Plaintiff's letters to Stellar as its initial communication with Plaintiff, Stellar maintains that there is no violation of § 1692g(b). Def.'s Brief at 5. Its declarant avers that Stellar did not communicate with Plaintiff at any time after its receipt of her letters. *See* Martin Aff. ¶ 10. Further, Stellar argues that it was not required to validate the debt.

Def.'s Brief at 5.  Upon receipt of Plaintiff's correspondence, its only obligation was to cease its collection activity, *id.*, and it did so by "delet[ing] the credit reporting and [by] clos[ing] its collection file," *id.* at 6; *see* Martin Aff. ¶¶ 9, 11.  Plaintiff points to nothing in the record to dispute Stellar's showing that it ceased collection activity upon receipt of Plaintiff's correspondence.  And because Stellar ceased collection activity, it was not obligated to send Plaintiff a separate validation of the debt.  *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992).

## D.  Count III

Plaintiff demands damages under 15 U.S.C. § 1692k for Stellar's alleged violation of her "unalienable rights and consumer protection rights[.]"  Compl. ¶ 19.  As Stellar points out, *see* Def.'s Brief at 8, an award of damages depends on Plaintiff's demonstration that it failed to comply with the FDCPA. Plaintiff fails to demonstrate a violation of the FDCPA by Stellar, and therefore, she cannot show that she is entitled to damages.

## E. Count IV

In Count IV, Plaintiff refers to the FDCPA's venue provision, *see* 15 U.S.C. § 1692*i*, specifically its requirement that "any legal action on a debt against any consumer shall . . . bring such action only the judicial district . . . in which the consumer signed the contract sued upon; or . . . in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692*i*(a)(2).  Plaintiff neither alleges in her complaint nor demonstrates in response to Stellar's summary judgment motion that Stellar has brought any legal action against her regarding the Comcast debt.  Stellar could not have violated § 1692*i* because it has not brought any legal action against Plaintiff.

6

### F.  Section 1983

Plaintiff purports to bring a civil rights claim against Stellar under 42 U.S.C. § 1983.  *See* Compl. ¶ 19.  "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law," *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012) (quoting 42 U.S.C. § 1983), and "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983," *id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  Plaintiff neither alleges that Stellar is a state actor for purposes of § 1983, nor claims that Stellar is anything other than "a private corporation hired to collect a private debt Plaintiff allegedly owed to another private company."  Def.'s Brief at 7.

### III. CONCLUSION

Steller has demonstrated that there are no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  Accordingly, its motion for summary judgment will be granted.  An Order is issued separately.


DATE:  October 27, 2016                              /s/
                                                     EMMET G. SULLIVAN
                                                     United States District Judge